**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ALGIE MOORE,

    Petitioner,

vs.                                                  Case No.:    3:16-cv-766-J-32MCR
                                                                                                                                      3:02-cr-233-J-32MCR

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

This case is before the Court on Petitioner Algie Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Civ. Doc. 1).[1] Petitioner challenges his sentence as a career offender under the United States Sentencing Guidelines. Petitioner argues that he is entitled to relief from his sentence under Johnson v. United States, 135 S. Ct. 2551 (2015), which held that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague. On July 13, 2016, the Court ordered the parties to show cause why this case should not be stayed pending the Supreme Court's decision in Beckles v. United States, 136 S. Ct. 2510 (2016), which will resolve whether Johnson's holding extends to the guidelines. (Civ. Doc. 4). The United States responds that the case should not be stayed because Petitioner's

---

[1] Citations to the record in the underlying criminal case, United States of America vs. Algie Moore, Case No. 3:02-cr-233-J-32MCR, will be denoted as "Crim. Doc. __." Citations to the record in the civil case, Case No. 3:16-cv-766-J-32MCR, will be denoted as "Civ. Doc. __."

1

Motion to Vacate is an unauthorized second or successive § 2255 motion, and therefore the Court lacks jurisdiction to consider it. (Civ. Doc. 6). The Court agrees, and this case is due to be dismissed.

Petitioner previously moved to vacate his sentence under 28 U.S.C. § 2255 (see Case No. 3:05-cv-499-J-32MCR, Doc. 1), the Court denied the first motion on the merits (Case No. 3:05-cv-499-J-32MCR, Doc. 27), and the Eleventh Circuit denied Petitioner a certificate of appealability (Case No. 3:05-cv-499-J-32MCR, Doc. 35). As such, Petitioner was required to apply to the Eleventh Circuit Court of Appeals for permission to file a second or successive motion to vacate. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Petitioner has neither applied for nor obtained authorization to file the current Motion to Vacate.

Under 28 U.S.C. § 2255, "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals…." 28 U.S.C. § 2255(h). "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (citing Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003)). Because the Eleventh Circuit has not authorized Petitioner to file a second or successive motion to vacate, the Court lacks jurisdiction over the current § 2255 motion.

Accordingly, it is hereby

**ORDERED:**

1. Petitioner Algie Moore's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.
2. The Clerk shall send Petitioner the proper form to apply to the Eleventh Circuit Court of Appeals for leave to file a second or successive motion to vacate.
3. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 15th day of September, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

Lc 19

Copies:

Counsel of record
Algie Moore